UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | 1:10-cr-00117-JAW |
| | ) | |
| RASHID KAKANDE | ) | |

**ORDER ON DEFENDANT'S MOTION FOR
POST-CONVICTION RELEASE**

Concluding that the Defendant failed to meet his statutory burden, the Court denies Rashid Kakande's motion for post-conviction release from incarceration pending imposition of sentence.

I.   **STATEMENT OF FACTS**

On March 24, 2011, a federal jury found Rashid Kakande guilty of conspiring to defraud the United States by engaging in a marriage fraud scheme to obtain United States citizenship for foreign nationals, a violation of 18 U.S.C. § 371. *Jury Verdict* (Docket # 77). Immediately following the verdict, the Court ordered Mr. Kakande detained pending the imposition of sentence. On April 8, 2011, Mr. Kakande moved for post-conviction release. *Mot. for Post-Conviction Release* (Docket # 80) (*Def.'s Mot.*). On April 12, 2011, the Government objected. *Gov't's Opp'n to Def.'s Mot. for Post-Conviction Release* (Docket # 81) (*Gov't's Opp'n*).

II.   **The Parties' Positions**

   A.   **Rashid Kakande's Motion**

In support of his motion, Mr. Kakande noted that although he was on an unsecured pretrial bail, he complied with all bail conditions and appeared for trial. *Def.'s Mot.* at 1. He said that if he were now released, he would return to his family and children who live in an apartment in Lexington, Massachusetts. *Id.* He offered $3,000 cash to assure his continued appearance in court and affirmed his intention to comply with all court-imposed bail conditions. *Id.*

### B. The Government's Response

The Government responded that Mr. Kakande is a citizen of Uganda and has family and property there. *Gov't's Opp'n* at 1. It contended that Mr. Kakande has an incentive to flee because he faces potential deportation. *Id.* Although the Government conceded that Mr. Kakande has surrendered his Ugandan passport, it observed that the trial evidence established that he knew how to obtain false identification and if he fled to Uganda, the United States could not extradite him because it has no extradition treaty with Uganda. *Id.* at 1-2. Noting that the guideline sentence range for Mr. Kakande is only ten to sixteen months, the Government asserted that he might receive a higher than guideline range sentence under 18 U.S.C. § 3553(a). *Id.* at 1. Finally, the Government expressed dissatisfaction with the $3,000 in cash that Mr. Kakande was offering to secure his presence. *Id.* at 2.

## III. DISCUSSION

The statutory standard for release pending the imposition of sentence is found in 18 U.S.C. § 3143(a)(1):

> [T]he judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. § 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c).[1]

The burden is on the defendant to demonstrate that he meets the requirements of this provision. *See United States v. Bayko*, 774 F.2d 516, 520 (1st Cir. 1985) (addressing release pending appeal under § 3143). Furthermore, a defendant "having been found guilty beyond a reasonable doubt at trial of felony crimes . . . has no substantive constitutional right to bail pending sentencing." *United States v. Abuhamra*, 389 F.3d 309, 317 (2nd Cir. 2004). Moreover, the Bail Reform Act of 1984 "creates no general expectation of post-verdict liberty. To the contrary, it establishes a presumption in favor of detention." *Id.* at 319. *See also United States v. Colon-Munoz*, 292 F.3d 18, 20 (1st Cir. 2002) ("Under the Bail Reform Act of 1984, there is no presumption in favor of release pending appeal.").

Mr. Kakande failed to meet his burden. Mr. Kakande has now served less than two months imprisonment. Assuming he faces a prison term of between ten and sixteen months, if a guideline sentence were imposed, he would remain in jail for at least another eight and as much as another fourteen months. Moreover, the evidence in this case could lead to the imposition of a higher than guideline range sentence. Generally, the longer the sentence the defendant is facing, the greater the incentive not to appear if released.

---

[1] The statute provides an exception for circumstances covered by the mandatory detention provision of 18 U.S.C. § 3143(a)(2), not applicable here.

However, the most acute problem is that Mr. Kakande may flee the United States and return to Uganda. He has a strong incentive to do so. He is a Ugandan citizen and, as a consequence of this conviction, may be subject to deportation. If he is going to end up back in Uganda after his prison term, he has every reason to go there now and avoid further time in prison. Furthermore, the Government has represented that the United States and Uganda do not have an extradition treaty, which means that if he successfully returns to Uganda, he will be able to stay there and avoid further punishment for his federal crime. Finally, as the Government noted, the evidence at his trial established that Mr. Kakande has access to people who know how to falsify documents, so the surrender of his Uganda passport does not mean he will be without a facsimile passport.

Mr. Kakande states that he would like to return to his family in Lexington, Massachusetts and perhaps his family's presence there would be a compelling enough incentive for him to remain in the United States and present himself for sentencing. The offer of $3,000 cash surety is not nearly enough money to satisfy the Court that the certainty of forfeiture exceeds the benefit of fleeing. These factors do not carry Mr. Kakande's burden in this case.

By contrast, the Government has a "strong and obvious countervailing interest in detaining defendants who have been found guilty beyond a reasonable doubt of serious crimes: such detention promotes public safety by removing a presumptively dangerous person from the community; it also encourages general respect for the law by signaling that a guilty person will not be able to avoid or

4

delay imposition and service of the sentence prescribed by law." *Abuhamra*, 389 F.3d at 319-20.

IV. **CONCLUSION**

The Court DENIES Rashid Kakande's Motion for Post-Conviction Release (Docket # 80).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 9th day of May, 2011